IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Tom Moody,**

        **Plaintiff,**

**v.**                                                                                       **Case No. 16-2261-JWL**

**Cincinnati Specialty Underwriters**
**Insurance Co. and Michael Bicknell,**

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiff Tom Moody owns a commercial building in Crawford County, Kansas. On February 1, 2012, Mr. Moody leased the building to defendant Michael Bicknell for a two-year term. Shortly thereafter, another lease for the same commercial property was signed by Mr. Bicknell, purportedly on behalf of Santino's Sportsbar & Eatery, LLC. That lease was back-dated to February 1, 2012, the date of the original lease. Santino's is insured under a policy of insurance issued by defendant Cincinnati Specialty Underwriters Insurance Company. In December 2012, the building was destroyed by a fire purportedly caused by an employee of Santino's who was acting within the course and scope of her employment. Mr. Moody then filed a declaratory judgment action in state court seeking a declaration that the insurance policy has policy limits in excess of $100,000 with respect to claims asserted by Mr. Moody against Santino's in an underlying lawsuit as well as a breach of contract claim against Mr. Bicknell for failing to return the building in the same condition as it existed on the date of the lease.

Defendants timely removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 despite the fact that Mr. Moody and Mr. Bicknell are both residents of

Kansas. Defendants assert that Mr. Bicknell was fraudulently joined to defeat diversity. Mr. Bicknell contends that Mr. Moody cannot establish a cause of action against him for breach of contract because the only lease in place at the time of the loss was not executed by Mr. Bicknell personally but in a representative capacity on behalf of Santino's. In other words, Mr. Bicknell asserts that the "Moody-Santino's" lease superseded the prior lease and he was not a party to it. On this basis, Mr. Bicknell moves to dismiss Mr. Moody's breach of contract claim against him. Mr. Moody, in turn, has filed a motion to remand in which he contends that the court lacks subject matter jurisdiction because of the non-diverse defendant. According to Mr. Moody, Mr. Bicknell is a proper defendant because the "Moody-Bicknell" lease was not superseded by the "Moody-Santino's" lease and was intended to stay in existence to ensure that Mr. Bicknell would personally guarantee the two-year lease term regardless of whether Santino's survived as a business venture. Mr. Moody, then, contends that he may properly assert a breach of contract claim against Mr. Bicknell for breach of the original lease. As will be explained, the motion to remand is granted and, as a result, the court lacks jurisdiction to resolve the motion to dismiss.[1]

A defendant who is fraudulently joined is ignored for purposes of assessing complete diversity. *Dutcher v. Matheson*, 733 F.3d 980, 987-88 (10th Cir. 2013). To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* at 988 (quotation and citation omitted). The defendant seeking

---

[1] The court recognizes that Mr. Moody has not yet filed his reply to defendants' response to the motion to remand. Nonetheless, because the court is resolving the motion in Mr. Moody's favor, the court believes that an early disposition of the motion will promote the expeditious processing of this case.

removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff. *Id.* (quotation and citation omitted). In their submissions, defendants do not allege fraud in the recitation of jurisdictional facts. Accordingly, defendants must prove their allegation of fraudulent joinder by demonstrating that there is no possibility that Mr. Moody would be able to establish a cause of action for breach of contract against Mr. Bicknell in state court. The court, then, must decide whether there is a reasonable basis to believe Mr. Moody might succeed in his claim against Mr. Bicknell; the claim "need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Nerad v. AstraZeneca Pharm., Inc.*, 203 Fed. Appx. 911, 913 (10th Cir. Oct. 11, 2006).

In support of the argument that Mr. Moody cannot establish a breach of contract claim against him, Mr. Bicknell invokes the "substituted contract" defense. According to Mr. Bicknell, the second lease has extinguished the first lease because Mr. Bicknell has satisfied the elements of the defense. *See Barbara Oil Co. v. Kansas Gas Supply Corp.*, 250 Kan. 438, 454 (1992). Mr. Bicknell also highlights a paragraph in the second lease providing that it is the "sole and only agreement" between the parties concerning the premises. Looking only at the second lease, then, Mr. Bicknell contends that he cannot be liable for breach of contract because he signed that lease not in his individual capacity but on behalf of Santino's.

Even assuming that Mr. Bicknell could establish his defense, the court cannot find that there is "no possibility" that Mr. Moody would be able to establish a cause of action against Mr. Bicknell based on the second lease. That lease expressly identifies "Mike Bicknell" as the "Lessee" in the opening paragraph and, thereafter, refers only to the "Lessor" and "Lessee" as parties to the lease. To the extent Mr. Moody's breach of contract claim is based on the failure

3

to return the building in the same condition as it existed on the date of the lease, it is certainly plausible that Mr. Moody could maintain that claim against Mr. Bicknell because Mr. Bicknell, as the "lessee" identified in the second lease, was obligated under the terms of the lease to keep the premises in good condition.  In fact, Santino's Sports Bar & Eatery LLC is not identified (or even mentioned) in the body of the lease at all.  That "party" does not appear until the signature block on the last page of the lease, immediately under Michael Bicknell's signature.  But even the signature block does not indicate that Mr. Bicknell is signing as a representative of Santino's.  There is no indication in the agreement as to the nature of Mr. Bicknell's relationship with Santino's.  While Mr. Bicknell emphasizes that Mr. Moody "admitted" in his state court petition that Santino's was leasing the building, that statement, at most, creates a factual dispute with respect to the issue of whether Mr. Bicknell may be held personally liable for breach of the second lease.

Because there is a reasonable basis to believe that Mr. Moody might succeed in his claim against Mr. Bicknell under Kansas law, Mr. Bicknell is a proper defendant.  And because Mr. Bicknell is admittedly a non-diverse defendant, this court lacks jurisdiction over the case and must remand it.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to remand (doc. 13) is granted.

**IT IS FURTHER ORDERED THAT** this case is remanded to the District Court of Crawford County, Kansas.

4

Dated this 3rd  day of June, 2016, at Kansas City, Kansas.

                                        <u>s/ John W. Lungstrum</u>
                                        John W. Lungstrum
                                        United States District Judge